APRIL S. 1802.

# John Bruce *v.* Benj. Estill and Sam'l Rice.

*Upon an appeal from a decree of the Lexington District Court.*

A junior entry sufficiently definite to be located, will prevail against a claim to land under an elder entry not shown to be susceptible of location.

The complainants in the inferior court having the youngest legal title, it will only be necessary to ascertain the true situation of their claim: the location in their certificate with the commissioners is, "to lie on the head branch of Paintlick creek, about one mile from the Beech spring. including the improvement of Solomon Carpenter" and in their entry with the surveyor on the preemption warrant is, "adjoining the settlement on the Beech spring and running toward Peter Wooley's settlement, and including Solomon Carpenter's cabin and improvement and two springs." No call in either of these locations furnish any information, in

which direction the land is to lie from the Beech spring, except the call to include Solomon Carpenter's cabin and improvement, which appears from the proofs in the cause to be a place of general notoriety and to the west of the Beech spring at the distance of about 180 poles, and the call to run toward Peter Wooley's settlement. Having ascertained the direction of the improvement from the Beech spring, it seems to the court that the complainant's claim should be surveyed so as to adjoin the Beech spring tract on the west, and as this court is of opinion that had the settlement on the Beech spring been properly and legally surveyed, it would have extended as far west as it now does. The complainants should have run a line due east from Carpenter's improvement at figure 3, in the plat till it struck the western boundary of the Beech spring tract, and from that point extend north 200 poles, and from the same point south 200 poles, then west at right angles from each end of this line for quantity. The call to run toward Peter Wooley's settlement, seems to this court, ought not to be regarded, only so far as to furnish a course or direction in which the survey is to run after adjoining the Beech spring tract, because there is nothing in the record which will enable this court to ascertain his situation with exact precision; his locations and entries being entirely vague and uncertain. And if the complainants had conceived that this call should have any influence on their claim, it was their duty to ascertain and prove the true situation of Peter Wooley's settlement; therefore, this court is of opinion that the district court erred in directing that the complainants' claim should be bound by Wooley's as it is surveyed, without ascertaining with precision its true and legal position; and more especially that it should be bound by part of Wooley's *pre-emption*, when the call is for the *settlement*. It is, therefore, decreed and ordered, that the said decree of the district court be reversed, annulled, and set aside. And this court, proceeding to make such decree as the said district court should have pronounced, do order and decree that the complainants do recover of the defendant (whose claim has not been sufficiently identified and his counsel relying only on his elder legal title) all the land which will be contained within their claim when laid down and surveyed agreeably to the foregoing opinion of this court, and is also contained within their survey as made; that this cause be remanded to the court from whence it came that it may cause the surveyor of the county in which the land in contest is situated; to ascertain and report the metes, bounds, and

quantity of so much of the land contained in the appellant's and appellees' surveys which have been made and which likewise shall fall within the bounds of the appellees' entry when laid off in conformity to the foregoing opinion, and that the said court enter up a decree therefor to the appellees, and make such further decrees and orders in the cause as law and equity may require. And it is further decreed and ordered, that the appellant recover of the appellees his costs in this behalf expended, which is ordered to be certified to the said court.